IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANKIE DEAN THOMAS** | : | **CIVIL NO. 1:CV-07-0511** |
| Petitioner | : | |
| v. | : | |
| **JONATHAN C. MINER, Warden;** | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| Respondents | : | |

## MEMORANDUM AND ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is in federal custody pursuant to a federal sentence. He has lodged against him a detainer from the Commonwealth of Pennsylvania. Petitioner is challenging the decisions rendered by the Pennsylvania Superior Court on June 6, 2006 and August 10, 2006, affirming the lower court's decision on Petitioner's PCRA petition challenging a state conviction. He argues that the Pennsylvania Superior Court decision is wrong and, therefore, the Pennsylvania detainer is illegal. He seeks as relief (1) to vacate the Pennsylvania Superior Court decision; (2) to reinstate his appeal in the Pennsylvania Superior Court; and (3) on remand, direct the Pennsylvania Superior Court to address certain issues raised by Petitioner.

Petitioner seeks relief that is precluded under the *Rooker-Feldman* doctrine[1] which provides that "lower federal courts may not sit in direct review of the decisions of a state tribunal." *Gulla v. North Strabane Township*, 146 F.3d 168, 171 (3d Cir. 1998). The doctrine "is confined to cases brought by state-court losers

---

[1] The *Rooker-Feldman* doctrine derives from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 4123 (1923), and *D.C. Circuit Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon-Mobil Corp. V. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Because jurisdiction to review a state court's decision rests solely in the United States Supreme Court, *see* 28 U.S.C. § 1257, federal district courts lack subject matter jurisdiction over challenges that are the functional equivalent of an appeal of a state court judgment, *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004), "even if those challenges allege that the state court's action was unconstitutional," *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). The *Rooker-Feldman* doctrine has been applied to final decisions of lower state courts. *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005).

Petitioner's application for relief is the functional equivalent of an appeal from the decision of the Pennsylvania Superior Court. Pursuant to the *Rooker-Feldman* doctrine, this court is without jurisdiction to grant such relief. **IT IS THEREFORE ORDERED THAT** the petition for writ of habeas corpus is dismissed. The Clerk of Court shall close the file. This court declines to issue a certificate of appealability.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  March 26, 2007.